IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A.L. IVEY III<br>c/o THE SPITZ LAW FIRM<br>25825 Science Park Drive, Suite 200<br>Beachwood, Ohio 44122<br><br>               Plaintiff,<br><br>      v.<br><br>GIANT EAGLE, INC.<br>6531 Cochran Road<br>Solon, Ohio 44139<br><br>    **Serve also:**<br>    Giant Eagle, Inc.<br>    c/o Corporation Service Company<br>    3366 Riverside Drive, Ste. 103<br>    Upper Arlington, Ohio 43221<br><br>    -and-<br><br>JUST IN TIME STAFFING<br>6165 Mayfield Road<br>Mayfield Heights, Ohio 44124<br><br>    **Serve also:**<br>    Just in Time Staffing<br>    c/o Registered Agent Michael J. Donato<br>    8130 Tyler Boulevard<br>    Mentor, Ohio 44060<br><br>               Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br>**COMPLAINT FOR DAMAGES AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, A.L. Ivey III, by and through underlined counsel, as his Complaint against the Defendants, states and avers the following:

## PARTIES

1. Ivey is a resident of the state of Ohio.

2. Defendant Giant Eagle, Inc. is a foreign corporation that operates a business located at 6531 Cochran Road, Solon, Ohio 44139.

3. Giant Eagle was at all times hereinafter mentioned an employer within the meaning of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*.

4. Defendant Just in Time Staffing ("JIT") is a domestic corporation that operates a business located at 6165 Mayfield Road, Mayfield Heights, Ohio 44124.

5. JIT was at all times hereinafter mentioned an employer within the meaning of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*.

## JURISDICTION & VENUE

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Ivey is alleging a Federal Law Claim under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*.

7. All material events alleged in this Complaint occurred in Cuyahoga County.

8. This Court has supplemental jurisdiction over Ivey's state law claims pursuant to 28 U.S.C. § 1367, as Ivey's state law claims, are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10. Within 300 days of the conduct alleged below, Ivey filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2023-00710 against Giant Eagle.

11. Within 300 days of the conduct alleged below, Ivey filed a Charge of Discrimination with the EEOC, Charge No. 532-2023-00193 against JIT.

12. Ivey received his Right to Sue letters with respect to both Charges from the EEOC, which have been attached hereto as Plaintiff's Exhibits A and B.

13. Ivey has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letters.

14. Ivey has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

15. Ivey is a former employee of JIT and Giant Eagle.

16. Ivey was placed at Giant Eagle by JIT in the beginning of April 2022.

17. Giant Eagle employed Ivey as a Picker.

18. Ivey is male.

19. Ivey identifies as bisexual.

20. Defendants knew about Ivey's sexual orientation.

21. On or about April 25, 2022, Ivey and another employee ("Comparator") began training on the High Lift.

22. Upon information and belief, Comparator identifies as heterosexual.

23. High Lift training was conducted primarily by two individuals, Morgan (Last Name Unknown) and a male employee ("Male Trainer").

24. While Ivey was completing the routine inspection checklist for the High Lift, he overheard Male Trainer state, "See that guy? He's a fucking fag. I hate fucking fags. This is gonna be fun."

25. Male Trainer was referring to Ivey when he made those statements.

26. After completing the inspection checklist, Ivey reported Male Trainer's statements to Giant Eagle's Human Resources department.

27. Human Resources representative, Cat (Last Name Unknown), told Ivey to take a few days to think about whether he truly wanted to move forward with his complaint of discrimination.

28. Ivey continued to train on the High Lift.

29. Male Trainer forced Ivey to train with him, rather than Morgan LNU.

30. Male Trainer held Ivey to a higher standard than Comparator.

31. Male Trainer required Ivey to complete significantly more difficult and/or dangerous tasks than Comparator.
32. On or about April 28, 2022, Male Trainer instructed Ivey to conduct the inspection "from the bottom" that day.
33. Male Trainer provided Ivey no further instruction.
34. Ivey understood Male Trainer's instruction to mean he needed to start from the bottom of the inspection checklist and work his way up the list.
35. While Ivey was attempting to follow Male Trainer's instruction, Male Trainer grabbed Ivey from atop the High Lift and pulled Ivey down from the vehicle.
36. Male Trainer repeated that Ivey was supposed to "start from the bottom."
37. At this point Ivey realized Male Trainer meant for Ivey to check the bottom of the vehicle first.
38. Ivey felt violated by Male Trainer physically grabbing his arm and pulling him out of the vehicle.
39. Male Trainer did not get physically aggressive with Comparator.
40. Ivey told Male Trainer not to touch him.
41. Ivey requested a new trainer, as Male Trainer had been discriminatory and disrespectful towards Ivey throughout the whole training process.
42. Ivey returned to Human Resources and filed an official complaint against Male Trainer for his discriminatory conduct.
43. The Human Resources representative that took the complaint told Ivey he/she would process the complaint and get back to him.
44. Approximately an hour later, Giant Eagle informed Ivey he would not be continuing training for the High Lift position and placed Ivey back into the position of Picker.
45. On or about April 29, 2022, Ivey reported to work early and was walked off the property.
46. Giant Eagle instructed Ivey to call JIT.

47. JIT informed Ivey that his employment was terminated due to performance issues.
48. At no time prior to Ivey's complaint of sexual orientation discrimination did Defendants express concerns regarding Ivey's performance.
49. Defendants' purported reason for termination was pretextual.
50. On or about April 29, 2022, Defendants terminated Ivey's employment because of his gender.
51. On or about April 29, 2022, Defendants terminated Ivey's employment because of his sexual orientation.
52. On or about April 29, 2022, Defendants terminated Ivey's employment in retaliation for his complaints of discrimination.
53. Defendants did not proffer a legitimate, non-discriminatory reason for terminating Ivey's employment.
54. As a result of Defendants' unlawful acts, Ivey has suffered and will continue to suffer damages.

**COUNT I: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq*.**

55. Ivey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.
56. Ivey is a member of a statutorily protected class based on his gender under 42 U.S.C. § 2000e *et seq*.
57. Defendants treated Ivey differently than other similarly situated employees based on his gender.
58. Defendants discriminated against Ivey on the basis of his gender throughout his employment with the companies.
59. Defendants terminated Ivey's employment without just cause.
60. Defendants terminated Ivey's employment based on his gender.
61. Defendants' discrimination against Ivey based on his gender violates 42 U.S.C. § 2000e *et seq*.
62. Ivey suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 2000e *et seq*.

63. As a direct and proximate result of Defendants' conduct, Ivey suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. 4112.02 *et seq*.

64. Ivey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. Ivey is a member of a statutorily protected class based on his gender under R.C. § 4112.02.

66. Defendants treated Ivey differently than other similarly situated employees based on his gender.

67. Defendants discriminated against Ivey on the basis of his gender throughout his employment with the companies.

68. Defendants terminated Ivey's employment without just cause.

69. Defendants terminated Ivey's employment based on his gender.

70. Defendants' discrimination against Ivey based on his gender violates R.C. § 4112.01 *et seq*.

71. Ivey suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

72. As a direct and proximate result of Defendants' conduct, Ivey suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq*.

73. Ivey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Ivey is a member of a statutorily protected class based on his sexual orientation under 42 U.S.C. 2000e-2 *et seq*.

75. Defendants treated Ivey differently than other similarly situated employees based on his sexual orientation.

76. Defendants discriminated against Ivey on the basis of his sexual orientation throughout his employment with the companies.

77. Defendants terminated Ivey's employment without just cause.

78. Defendants terminated Ivey's employment based on his sexual orientation.

79. Defendants' discrimination against Ivey on the basis of his sexual orienation violates 42 U.S.C. 2000e-2 *et seq*.

80. As a direct and proximate result of Defendants' conduct, Ivey suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT IV: RETALIATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq.*

81. Ivey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

82. As a result of Defendants' discriminatory conduct described above, Ivey complained about the gender and sexual orientation discrimination he was experiencing.

83. Subsequent to Ivey's reporting of gender and sexual orientation discrimination to Human Resources, Defendants discouraged Ivey from proceeding with his report of discrimination.

84. Subsequent to Ivey's reporting of gender and sexual orientation discrimination to Human Resources, Defendants removed Ivey from High Lift training.

85. Subsequent to Ivey's reporting of gender and sexual orientation discrimination to Human Resources, Defendants terminated Ivey's employment.

86. Defendants' actions were retaliatory in nature based on Ivey's opposition to the unlawful discriminatory conduct.

87. Pursuant to 42 U.S.C. § 2000e *et seq*., it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

88. Ivey suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 2000e *et seq*.

89. As a direct and proximate result of Defendants' conduct, Ivey suffered and will continue to suffer damages, including economic and emotional distress damages.

7

## COUNT V: RETALIATION IN VIOLATION OF R.C. 4112.02(I)

90. Ivey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

91. As a result of Defendants' discriminatory conduct described above, Ivey complained about the gender and sexual orientation discrimination he was experiencing.

92. Subsequent to Ivey's reporting of gender and sexual orientation discrimination to Human Resources, Defendants discouraged Ivey from proceeding with his report of discrimination.

93. Subsequent to Ivey's reporting of gender and sexual orientation discrimination to Human Resources, Defendants removed Ivey from High Lift training.

94. Subsequent to Ivey's reporting of gender and sexual orientation discrimination to Human Resources, Defendants terminated Ivey's employment.

95. Defendants' actions were retaliatory in nature based on Ivey's opposition to the unlawful discriminatory conduct.

96. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

97. Ivey suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

98. As a direct and proximate result of Defendants' conduct, Ivey suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, A.L. Ivey III demands from Defendants the following:

(a) Issue an order requiring Giant Eagle/JIT to restore Ivey to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Ivey for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Ivey's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Taurean J. Shattuck*
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  Taurean.Shattuck@spitzlawfirm.com

*Attorney For Plaintiff*

## JURY DEMAND

Plaintiff A.L. Ivey III demands a trial by jury by the maximum number of jurors permitted.

*/s/ Taurean J. Shattuck*
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**