IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| A.L. IVEY, III | ) | CASE NO. 1:23 CV 852 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| GIANT EAGLE, et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |

This Matter is before the Court on the Motion to Dismiss for Failure to Prosecute and Award of Attorneys' Fees and Costs (Docket #18) filed by Defendant, Just in Time Staffing, on October 31, 2023; the Motion to Dismiss Plaintiff's Complaint and for Attorneys' Fees Incurred in Preparing for Plaintiff's Deposition and This Motion (Docket #19) filed by Defendant, Giant Eagle, on November 3, 2003; and, the Motion to Withdraw as Attorney (Docket #20), filed by Taurean J. Shattuck ("Mr. Shattuck") on November 16, 2023.

**Factual Background**

Plaintiff, A.L. Ivey, III ("Mr. Ivey"), filed his Complaint on April 24, 2023, alleging claims for Gender Discrimination in violation of 42 U.S.C. § 2000e-2 et seq. and Ohio Rev. Code § 4112.02 et seq. (Counts I and II); Sexual Orientation Discrimination in violation of 42 U.S.C. § 2000e-2 et seq. (Count III); and, Retaliation in violation of 42 U.S.C. § 2000e-2 et seq. and Ohio Rev. Code § 4112.02(I) (Counts IV and V).

On October 27, 2023, a Status Conference was held, by telephone, with Counsel for all Parties participating. (Docket #17.) Counsel informed the Court that on October 17, 2023, Mr. Ivey did not appear for his noticed deposition.[1] Mr. Ivey's attorney, Mr. Shattuck, indicated that he had tried to contact Mr. Ivey multiple times both prior to and after the scheduled deposition but was unsuccessful. Defendants indicated they planned to move for dismissal.

Both Just in Time and Giant Eagle have moved to dismiss Plaintiff's Complaint based on Mr. Ivey's failure to cooperate with discovery and/or failure to prosecute. Just in Time cites Mr. Ivey's failure to cooperate with discovery, specifically his failure to appear for deposition. Giant Eagle cites Mr. Ivey's failure to fully respond to written discovery requests; failure to respond to a discovery deficiency letter; and, failure to attend his own deposition, despite confirmation from Mr. Shattuck the day before Mr. Ivey's scheduled deposition that he would appear. Defendants also seek an award of the attorneys' fees and costs incurred in defending this litigation.

At the October 27, 2023 Status Conference, the Court ordered that Mr. Ivey's Responses to Defendants' Motions to Dismiss would be due no later than November 17, 2023. (Id.) On November 16, 2023, one day prior to that deadline, Mr. Shattuck moved to withdraw as counsel. (Docket #20.)

No responses were filed to Defendants' Motions to Dismiss.

---

[1] On September 22, 2023, Mr. Shattuck agreed to October 17, 2023 as the date for Mr. Ivy's deposition. On September 27, 2023, Mr. Shattuck confirmed Mr. Ivey's availability on that date. On October 6, 2023, Giant Eagle formally noticed Mr. Ivey's deposition for October 17, 2023. On October 13, 2023, Defense Counsel emailed Mr. Shattuck to confirm the deposition would go forward. Mr. Shattuck did not respond. On October 16, 2023, Defense Counsel again attempted, by both phone and email, to confirm Mr. Ivey would be in attendance. Later that day, Mr. Shattuck confirmed, by phone, that his client would be present. Despite the assurances of Counsel, Mr. Ivey did not appear for his deposition. (Docket #19 at p. 3.)

**Conclusion**

Fed. R. Civ. P. 37(d), entitled "Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection," permits a court, on motion, to order sanctions if a party fails to appear for his deposition or fails to properly respond to interrogatories. Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii). Fed. R. Civ. P. 37(d)(3), entitled "Types of Sanctions," provides as follows:

> Sanctions may include any of the orders listed in Rule 37(B)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

One of the enumerated sanctions is "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v).

Fed. R. Civ. P. 41(b) provides as follows:

> **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Mr. Ivey has failed to cooperate with discovery and has otherwise failed to prosecute his case. The Motions to Dismiss filed by Defendants, Just in Time Staffing (Docket #18) and Giant Eagle (Docket #19), are hereby GRANTED.

The Court has reviewed the attorneys' fees and costs requested by both Just in Time and Giant Eagle and finds them to be reasonable. Mr. Ivey and his attorney, Taurean J. Shattuck, are liable, jointly and severally, for the attorneys' fees and costs incurred by Defendants. Mr. Ivey and Mr. Shattuck are hereby ORDERED to pay attorneys' fees and costs to Defendant, Just in Time Staffing, in the amount of $3,450.00, and attorneys' fees and costs to Defendant, Giant

-3-

Eagle, in the amount of $11,073.48.

This case is hereby DISMISSED WITH PREJUDICE.

The Motion to Withdraw as Attorney (Docket #20) filed by Counsel for Mr. Ivey, Taurean J. Shattuck, is hereby DENIED AS MOOT.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 18, 2023